Roger Laudati, Inc.
vs.  No. 86623.
Grimoaldi Tancredi

February 11, 1933.

JOSLIN, J. The result of this action depends on whether or not there was an oral agreement between the parties whereby the defendant undertook to pay the bill of another in consideration of the plaintiff forbearing to lien the defendant's real estate. The jury found for the plaintiff and the matter is now heard upon the defendant's motion for a new trial.

The plaintiff was the owner of a building and entered into an agreement with a contractor to reconstruct the same. The contractor abandoned the work before its completion but in the meantime he had obtained from the plaintiff materials to the value of $1192.99 which were used in the said reconstruction.

The plaintiff, hearing of the abandonment, claims he told the defendant that he intended placing a lien on the real estate unless the defendant agreed to pay the bill, whereupon the defendant said to him: "Don't put on a lien, I'll pay the bill." The defendant denies this. He admits that there was some talk about the subject matter, but states that he said he intended seeing the contractor and that he tried to see the contractor but without success.

The issue in the case is simple: Did the defendant promise to pay the bill in consideration of the agreement of the plaintiff not "to put on a lien?"

Assuming that this issue is decided in the plaintiff's favor, in view of the conclusion to which the Court has come, it is unnecessary to consider what was meant by the expression above quoted and whether the plaintiff observed its part of the agreement.

There are the words of the two men, the plaintiff's officer and the defendant. In such circumstances, we must look to the background of the two men and to their subsequent acts to determine which of the two is to be believed.

The defendant appears to be a man of no more than ordinary intelligence, with apparently no experience in business. He knew little, if anything, of the mechanic's lien law and of the rights and obligations of a material-man and owner. He was dealing with a stranger who was making demand for the payment of what was to him a large sum of money.

The plaintiff's officer is a man of extensive experience in the materials business. Undoubtedly he had had many situations where he had furnished materials to a contractor to be used in the construction or reconstruction of a building. He was unquestionably thoroughly informed as to his rights under the mechanic's lien law, when the contractor defaulted in payment. As a man of experience, he also knew the difficulty which one may encounter in attempting to prove oral promises when his word is to be pitted against the word of the alleged promisor. Under such circumstances, it is difficult to conceive that he would depend upon an oral promise when such a substantial sum of money is at stake.

The plaintiff maintains that the oral agreement was made on June 22, 1930, the first time the parties had met; that the defendant agreed to pay in a few days; that after making the agreement, the defendant said he must see the contractor after which he would see the plaintiff again; that not hearing from the defendant, it wrote to him under date of June 24th; that the defendant called upon the plaintiff's officer within a day or two and reported that he had been unable to see the contractor; that the parties met again on the morning of July 3rd, when the time for claiming a lien had expired on three of the items; that the plaintiff's officer then demanded of the defendant that he sign a paper prepared by him in which the defendant agreed to assume payment of the bill; that the defendant refused to sign said paper, whereupon he delivered the ultimatum that the defendant "either settle the bill or sign the agreement" by 3 P. M. that day or he would start his lien proceedings. The paper was not signed and a lien notice was filed that day and it was followed up by the filing of an account on October 21st. These proceedings were carried no further.

The June 24th letter makes no reference whatsoever to the alleged agreement. It is difficult to believe that had the agreement been made, some reference thereto would not have been made in this letter.

The matters in regard to the proposed written agreement have nothing to do with the issue in the case except that they afford some assistance in estimating these parties on the probabilities. The Court has serious doubt as to the truth of the plaintiff's story. It does not seem probable; it is not convincing; it is inconsistent with the situation of the parties and with their subsequent acts and conduct.

In the opinion of the Court, the verdict is unjust and is not borne out by the weight of the evidence.

Motion for new trial granted.

Plaintiff's attorney: George F. Troy.

Defendant's attorney: Ralph Rotondo.